UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN R. W., )<br>)<br>         **Plaintiff** )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>**Commissioner of Social Security,** )<br>)<br>         **Defendant** ) | No. 2:20-cv-00001-LEW |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, among other things, the ALJ erred in assessing a physical residual functional capacity (RFC) unsupported by substantial evidence. *See* Plaintiff/Appellant's Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 17) 17-20. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

through March 31, 2017, Finding 1, Record at 19; that, through his date last insured (DLI), he had the severe impairments of obesity, degenerative disc disease of the lumbar spine, post-traumatic stress disorder (PTSD), anxiety, affective disorder, and opiate addiction, Finding 3, *id.*; that, through his DLI, he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he was able to stand and/or walk for six hours and sit for eight hours during a normal eight-hour workday, could occasionally stoop, was able to hear at moderate noise levels, was able to carry out simple instructions, and could have occasional interaction with supervisors, coworkers, and the public, but was unable to work at a production rate pace, such as an assembly line, Finding 5, *id.* at 23; that, through his DLI, considering his age (36 years old, defined as a younger individual, as of his DLI, March 31, 2017), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 28; and that he, therefore, had not been disabled at any time from January 1, 2017, his amended alleged onset date of disability, through his DLI, March 31, 2017, Finding 11, *id.* at 29.  The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

In determining the plaintiff's RFC, the ALJ indicated that she found the opinions of agency nonexamining consultants James Hall, M.D., and Archibald Green, D.O., persuasive.  *See* Record at 26, 309-13, 315-18.  The ALJ did, however, reject Drs. Hall's and Green's opinions that the plaintiff could sit, with normal breaks, for only six hours in an eight-hour workday, *see id.* at 312, 317, on the basis that "they did not adequately explain why the [plaintiff] would have any limitations sitting, and the record for the period at issue . . . does not support a reduced amount of sitting[,]" *id.* at 26.  Correspondingly, the ALJ determined that the plaintiff had the RFC to sit for the entire eight hours of a normal workday.  *See* Finding 5, *id.* at 23.

The plaintiff contends that the ALJ erred when she rejected the opinions of Drs. Hall and Green that he could sit, with normal breaks, for only six hours in an eight-hour workday and substituted her own judgment that he could sit for the full eight hours.  *See* Statement of Errors at 17-20.  He argues that this error left the ALJ's physical RFC assessment unsupported by substantial evidence.  *See id.*

The commissioner does not contest that the ALJ erred but asserts that any error was harmless because the difference between a six- and an eight-hour sitting limitation is "vocationally irrelevant." Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition")

3

(ECF No. 18) at 13-14.  Specifically, the commissioner contends that even if the plaintiff were limited to sitting for no more than six hours, he could still do the light work jobs identified by the vocational expert (VE) because, by definition, the full range of light work "'requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday'" with only intermittent sitting "'during the remaining time.'"  *Id.* at 14 (quoting SSR 83-10, 1983 WL 31251, at \*6 (Jan. 1, 1983).

  The plaintiff has the better argument.

  By rejecting the six-hour sitting limitation found by Drs. Hall and Green on the basis that their explanations for that limitation were inadequate, the ALJ effectively held that their opinions were unsupported and could not stand as substantial evidence of that aspect of her RFC assessment.  *See* Record at 26; *Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426, at \*5-6 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017).  In determining that the record did "not support a reduced amount of sitting[,]" Record at 26, the ALJ appears to have relied exclusively on her own interpretation of the medical evidence of record and contravened the well-established precept that an ALJ "is not competent to assess a claimant's RFC directly from the raw medical evidence unless such assessment entails a common-sense judgment[.]" *Breingan v. Astrue*, No. 1:10-cv-92-JAW, 2011 WL 148813, at \*6 n.5 (D. Me. Jan. 17, 2011) (rec. dec., *aff'd* Feb. 22, 2011).  The commissioner has not argued that, in this instance, a commonsense judgment was made.  *See* Opposition at 13-14.  Accordingly, the ALJ's RFC finding regarding the plaintiff's ability to sit for eight hours is unsupported by substantial evidence.

  This error, in turn, undermined the relevance of the VE's testimony on which the ALJ relied to meet the commissioner's Step 5 burden to prove that a person with the posited RFC could perform jobs existing in significant numbers in the national economy, warranting reversal and

4

remand.  *See* Record at 28-29, 264-75; *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of a VE are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

The commissioner misses the mark in relying on the regulatory definition of light work to show that the error was harmless.  *See* Opposition at 14.  It is true that the definition of light work includes jobs that entail "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[,]" and that this frequent lifting requires being on one's feet for "approximately 6 hours of an 8-hour workday."  SSR 83-10, 1983 WL 31251, at *5-6.  However, the commissioner overlooks the fact that light work is *also* defined to include jobs that involve "*sitting most of the time* but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work[.]" *Id.* at *5 (emphasis added).  As such, the definition of light work does not definitively establish that the light work jobs identified by the VE would not require the plaintiff to sit for longer than the six hours opined by Drs. Hall and Green.[2]

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,*

---

[2]  The descriptions contained in the Dictionary of Occupational Titles (DOT) of the jobs identified by the VE – and relied upon by the ALJ at Step 5 – do not definitively resolve this issue either.  *See* Record at 28-29; DOT §§ 222.387-074, 222.687-014, 922.687-086 (U.S. Dep't of Labor 4th ed., rev. 1991).

*within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 18th day of December, 2020.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
